ALLAN P. McGUIRE, petitioner-appellant,

*v.*

DOROTHY RAY McGUIRE, defendant-respondent.

[Decided May 11th, 1938.]

On appeal from an order of the court of chancery advised by Advisory Master Herr, who filed the following opinion:

"By consent, this matter was referred to a master, who heard the evidence and reported that in his judgment the allowance for the maintenance, support and education of the two children of the marriage, who are in their mother's custody, should be increased to the sum of $1,600 per year, together with the cost of such medical and dental attention as may be necessary.

"Defendant has filed exceptions, claiming that under all of the circumstances this proposed provision is inadequate.

"A careful consideration of the evidence upon which the master based his report and recommendation leads me to the conclusion that the allowance suggested by him is a sufficient and proper provision to cover the cost of items which, in view of the station in life of the parties and of all of the circumstances of the case, are to be classed as necessaries, as distinguished from luxuries. The question is by how much, if anything, the allowance should be increased to include the cost of luxuries, pleasures and cultural advantages which the children could not otherwise enjoy.

"The father is in receipt of an income of approximately $24,000 per year. Were it not for the unfortunate estrangement existing between him and these children, he would naturally desire that they enjoy advantages, beyond what are properly to be considered necessities of life in their station, to the extent that his thoughtfulness for their welfare would naturally suggest, within his means. But he has been out of

contact with the children for so long a time that the usual bonds of sympathy and affection inherent in the filial relationship are completely absent. This situation has been due to his lack of interest in them. Their present attitude of indifference toward him is the natural and logical consequence, of which he cannot complain because it is the result of his own fault. His overtures, made after this proceeding was instituted, are obviously insincere and ineffective to change the legal consequences of his long continued neglect. His present financial obligation to them must be measured without regard to these last minute overtures.

"In my judgment the children are under no duty, legal or moral, to leave the household of their mother, and it follows that they should not because of that refusal be deprived of those advantages in the nature of luxuries to which their father's means and station would reasonably entitle them as members of his household, and which by his own testimony he offers to them as inducements to live with him.

"Ordinarily the father, as head of the household and source of the family income, has wide latitude of judgment in determining what material advantages his children are to be given, and how much of his income shall be expended for their benefit. But the petitioner in this case, by disclaiming all obligation toward his children in the past (save for his meager contribution of money), by declining to interest himself in their welfare in the slightest degree and by neglecting to exercise every parental duty and privilege, has forfeited his natural right as their father to determine the extent of their needs and of the advantages which ought to be made available to them. By his neglect he has clothed the defendant with the right to determine all such questions subject to the supervision of this court.

"We have outgrown the notion that the father is legally absolved from all obligation to support and maintain his child as soon as the child is old enough to go to work on the farm or in the farmhouse. We are not to be circumscribed by ancient decisions rendered at a time when seventy-five cents a week was considered an adequate allowance for the support and maintenance of an adolescent infant. Our social outlook on

life has undergone a complete change since the bucolic days when ideas of that sort were reflected in legal decisions. The principles of law are not confined by such expressions, sound when made under the social conditions then prevailing, but hopelessly obsolete to-day. No doubt the wage-earning father of a family still has a very wide latitude of discretion in such matters as long as the family is a unit. But where he has forfeited the right to exercise such discretion, as in this case, the court should aid the custodial parent in fixing the measure of the father's obligation in accordance with presently accepted social standards.

"Accordingly, with due regard to the defendant's estimate of the children's requirements, to the petitioner's means and station in life, to his own sense of the propriety of affording the children the means of enjoying the advantages justified by their social standing as his children and to all of the circumstances of this case, it is my judgment that the allowance should be fixed at the sum of $2,600 per year, and I will advise an order accordingly. Counsel fee and costs will be fixed upon settlement of the order."

*Messrs. Schotland, Harrison & Schotland,* for the appellant.

*Mr. Maurice C. Brigadier,* for the respondent.

PER CURIAM.

The order appealed from will be affirmed, for the reasons stated in the opinion delivered by Advisory Master Herr in the court of chancery.

*For affirmance*—THE CHIEF-JUSTICE, CASE, BODINE, DONGES, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ. 11.

*For modification of provision for support of children to conform to special master's report*—PARKER, HEHER, PORTER, JJ. 3.

*For modification of counsel fee*—PARKER, CASE, HEHER, PERSKIE, PORTER, WELLS, JJ. 6.